FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 24 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01943-BNB

RODNEY RAY ZIMMERMAN,

    Plaintiff,

v.

JOANN SHOEMAKER,
CATHIE HOLST,
MR. BURGONDO,
DEEANN KAHLER, and
JOSEPH WRIGHT,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Rodney Ray Zimmerman, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Zimmerman filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Zimmerman's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Zimmerman will be directed to file an amended complaint.

Mr. Zimmerman alleges that he is a mobility-disabled inmate who was placed on a top bunk against medical restrictions. He further alleges that, on May 12, 2008, he fell out of his bunk and suffered physical and psychological injuries. He complains he has not received a CT scan with contrast dye ordered on April 30, 2009. He asserts five claims that his rights have been violated under the Eighth Amendment to the United States Constitution and the remedial plan in *Montez v. Owens*, No. 92-cv-00870-JLK, an action commenced pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 794, on behalf of Colorado inmates suffering from particular disabilities. Any disagreement Mr. Zimmerman has about the DOC's compliance with the *Montez* remedial plan must be directed to class counsel in *Montez*.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The complaint Mr. Zimmerman has filed is difficult to read because it is single-spaced and written in all capital letters. The amended complaint Mr. Zimmerman will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Zimmerman's complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.

2

1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Zimmerman to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Zimmerman fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The complaint is verbose, repetitive, and vague. Mr. Zimmerman fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is unnecessarily wordy. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Zimmerman will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Zimmerman is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Zimmerman must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Zimmerman must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Zimmerman may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Zimmerman uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Zimmerman, therefore, will be directed to file an amended complaint that is filed on the Court-approved complaint form, is legible to read, asserts his claims clearly

and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Rodney Ray Zimmerman, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Zimmerman shall obtain the court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Zimmerman fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss the complaint and the action.

DATED at Denver, Colorado, this 24th day of August, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01943-BNB

Rodney Ray Zimmerman
Prisoner No. 135354
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 24, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk